IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHRISTOPHER LYLE JONES, | : |
| Petitioner, | : |
| vs. | : |
| | : NO. 4:22-CV-87-CDL-MSH |
| JEANIE KASPER, | : |
| Respondent. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

Petitioner Christopher Lyle Jones, an inmate currently confined at Walker State Prison in Rock Spring, Georgia, has filed a *pro se* application and amended application for habeas corpus relief under 28 U.S.C. § 2254 (ECF Nos. 1, 10). Pending before the Court is Respondent's motion to dismiss Jones's habeas application as untimely (ECF No. 13). Respondents have further requested dismissal because of Jones's failure to exhaust his state remedies (ECF No. 21). For the reasons stated below, the Court recommends that Respondent's motion be granted for failure to exhaust.

**BACKGROUND**

On July 22, 2003, a grand jury returned an indictment in the Superior Court of Muscogee County, Georgia, charging Jones with one count each of malice murder, felony murder, armed robbery, second degree arson, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Resp't's Ex. 1, 4-7, ECF No. 14-1. On August 7, 2007, he pleaded guilty to voluntary manslaughter—as a lesser included offense of malice murder—armed robbery, and second degree arson, and

the remaining charges were dead docketed. *Id.* at 2-3, 8-9. Jones was sentenced to fifteen year consecutive prison sentences on the manslaughter and armed robbery charges and a ten year consecutive supervised probation sentence on the arson charge. *Id.* at 2-3. Jones did not appeal the conviction or sentence. Pet. 2, ECF No. 1.

Jones filed his first state habeas petition in the Superior Court of Chattooga County, Georgia, on August 5, 2008. Resp't's Ex. 2, at 1, ECF No. 14-2. Over the next eleven years, the petition was transferred from one court to another, until finally it was transferred to the Superior Court of Dooly County, Georgia on December 20, 2019. Resp't's Ex. 3, at 1, ECF No. 14-3. During that time, Jones amended his petition twice. *Id.* The Dooly County Superior Court held an evidentiary hearing—at which Jones was represented by counsel—on February 11, 2020, and denied the petition on July 19, 2021. *Id.* at 1-2. Jones filed a petition for a certificate of probable cause with the Georgia Supreme Court, which was denied on March 8, 2022. Resp't's Ex. 4, ECF No. 14-4. The Georgia Supreme Court issued its remittitur on March 24, 2022. Resp't's Ex. 5, ECF No. 14-5. Jones filed his second state habeas petition on April 6, 2022, in the Superior Court of Walker County, Georgia. Resp't's Ex. 10, at 1, ECF No. 22-2. According to the parties, that petition remains pending in the state court.

The United States District Court for the Northern District of Georgia received Jones's federal habeas application on May 13, 2022.[1] Pet. 1. However, because the policy

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* Jones does not have a date next to his signature, but there is a cover letter attached to his petition dated May 3, 2022. Pet. 9, 28; Pet. Attach. 1, ECF No. 1-1.

2

of federal district courts in Georgia is for habeas petitions to be adjudicated in the judicial district and division where the state judgment being challenged was entered, the Northern District transferred the case to this court on May 19, 2022.  Order 1-2, ECF No. 3.  The Court received Jones's amended petition on June 15, 2022 (ECF No. 10).  Respondent moved to dismiss the petition as untimely on July 22, 2022 (ECF No. 13).  Jones responded to the motion on August 18, 2022 (ECF No. 17).  On September 7, 2022, the Court ordered Respondent to file a reply brief, noting she had failed to address all of Jones's arguments for why his petition was timely, including his contention that the filing of his second state habeas petition on April 6, 2022, tolled the period for filing his federal petition.  Order 1, ECF No. 18.  The Court also ordered Respondent to address whether the exhaustion requirement of 28 U.S.C. § 2254(b)(1) is implicated by Petitioner's second state habeas petition.  Order 2, Sept. 7, 2022.  Respondent filed her reply brief on October 12, 2022, and Jones filed his authorized sur-reply brief on November 1, 2022 (ECF Nos. 21, 24).  Respondent's motion to dismiss is ripe for review.

## DISCUSSION

As noted, Respondent originally relied solely on untimeliness as grounds for dismissing Jones's petition.  Resp't's Br. in Supp. of Mot. to Dismiss 2-7, ECF No. 13-1.  In response to the Court's direction for supplemental briefing, however, Respondent now also argues for dismissal because of Jones's failure to exhaust his state court remedies.  Resp't's Reply Br. 15-18, ECF No. 21.  For the reasons stated below, the Court recommends Respondent's motion to dismiss based on timeliness be denied, but that it be granted for failure to exhaust.

I.     **Timeliness**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. *See Hohn v. United States*, 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting) ("The purpose of AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence.").  The AEDPA, effective April 24, 1996, therefore instituted a time bar as follows:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
>             . . .
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  To determine whether a petition was timely filed, the Court "must determine (1) when the collateral motion was filed and (2) when the judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (quotation marks omitted).

Jones pleaded guilty and was sentenced on August 7, 2007.  Resp't's Ex. 1, at 1-3, 8-9.  He did not appeal the conviction or sentence.  Pet. 2.  Under Georgia law, he had

4

thirty days in which to file an appeal. O.C.G.A. § 5-6-38(a). The thirtieth day fell on September 6, 2007; so, by September 7, 2007, Jones's conviction was final and the clock for filing his federal habeas application began to run. 28 U.S.C. § 2244(d)(1)(A). The AEDPA limitation period then ran for 333 days until August 5, 2008, when Jones filed his first state habeas petition. Resp't's Ex. 2, at 1. It remained tolled until March 24, 2022, when the Georgia Supreme Court issued its remittitur denying his application for a certificate of probable cause.[2] Resp't's Ex. 5; *see Dolphy v. Warden*, 823 F.3d 1342, 1345 (11th Cir. 2016) (per curiam) ("Accordingly, when a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." (citing O.C.G.A. § 9-14-52(a)). On March 25, 2022, the AEDPA clock began running again. *See* Fed R. Civ. P. 6(a) ("[I]n computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time[,] . . . [w]hen the period is stated in days or a longer unit of time[,] exclude the day of the event that triggers the period[.]"); *Wainwright v. Sec'y, Dep't of Corr.*, 537 F.3d 1282, 1283 (11th Cir. 2007) (citing Rule 6 and noting petitioner's AEDPA limitations period began to run the day after the Supreme Court denied his petition for certiorari). At that point, Jones had 32 days to file his federal habeas petition. Therefore, absent tolling,

---

[2] Jones contends the AEDPA period remained tolled until he received the Georgia Supreme Court's remittitur in the mail. Pet'r's Resp. to Mot. to Dismiss 5, ECF No. 17. That is not accurate. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (rejecting petitioner's contention that the AEDPA clock did not begin to run until his actual notice of the Supreme Court's denial of his petition for writ of certiorari).

Jones had until April 26, 2022, to file his federal habeas petition.

Jones filed his second state habeas petition on April 6, 2022.[3] Resp't's Ex. 10, at 1. He contends the filing of this second habeas petition once again tolled the AEDPA limitations period. Pet'r's Resp. to Mot. to Dismiss 8-9. Respondent disagrees. She contends that in order for the second petition to toll the AEDPA limitations period, it had to be "properly filed." Resp't's Reply Br. 13 (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Respondent argues Jones's second habeas petition was not "properly filed" because it was not filed within the four-year time period after Jones's conviction became final as required by O.C.G.A. § 9-14-42(c)(1). *Id.* at 14. The Court agrees with Jones.

The Walker County Superior Court has not ruled on the timeliness of Jones's second habeas petition. "When a state court has not addressed the timeliness of an application for collateral relief, the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1312 (11th Cir. 2011) (quotation marks omitted). Therefore, the Court must attempt to determine what a Georgia court would decide as to timeliness.

As an initial matter, Jones's second habeas petition is clearly without merit. He argues four grounds of ineffective assistance of habeas counsel. Resp't's Ex. 10, at 5-6. A claim of ineffective assistance of habeas counsel, however, provides no grounds for habeas

---

[3] Jones argues the second state petition was filed on April 1, 2022, because that is the date he mailed it. Pet'r's Resp. to Mot. to Dismiss 3. Again, he is incorrect, because the mailbox rule does not apply to the initial filing of a state habeas petition in Georgia. *Whitaker v. Comm'r, Ga. Dep't of Corr.*, No. 21-14467-A, 2022 WL 2156663, at *1 (11th Cir. May 3, 2022) ("Under Georgia law, the prison-mailbox rule does not apply to the original filing [] of a *pro se* state habeas petition." (citing *Roberts v. Cooper*, 286 Ga. 657, 660-61 (Ga. 2010))).

6

relief in Georgia "because there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding." *Stephens v. Balkcom*, 245 Ga. 492, 492 (1980). Similarly, there is no "viable, freestanding claim" for ineffective assistance of habeas counsel at the federal level. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 944 (11th Cir. 2014); *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Instead, ineffective assistance of habeas counsel may—in limited circumstances—excuse procedural default of ineffective assistance of trial counsel claims. *Chavez*, 742 F.3d at 945.

The fact that Jones's second state habeas petition is meritless, though, is a separate question from whether it was "properly filed." *See Artuz*, 531 U.S. at 9 ("[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar."). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* at 8.

Jones's second habeas petition was filed over fourteen years after his judgment of conviction became final. Thus, if the petition is governed by O.C.G.A. § 9-14-42(c)(1), it is untimely, and hence, not properly filed. In such case, it would not toll the AEDPA limitations period. *See Gorby v. McNeil*, 530 F.3d 1363, 1368 (11th Cir. 2008) (per curiam) (finding untimely state habeas petition did not toll AEDPA limitations period). Jones's

second habeas petition, though, implicates § 9-14-42(c)(4). Under this provision, a habeas petition must be brought within four years of "the date on which facts supporting the claims presented could have been discovered through the exercise of due diligence." O.C.G.A. § 9-14-42(c)(4). Jones's claims in his second state habeas petition are that habeas counsel "failed to present and/or make the Court aware of important controlling evidence" in relation to grounds raised in his first habeas petition and in failing to "argue" an additional ground of ineffective assistance of trial counsel.[4] Resp't's Ex. 10, at 5-6. While Jones does not specify a date on which, through the exercise of due diligence, he could have discovered habeas counsel's ineffectiveness, the last amendment to the first habeas petition was filed on May 3, 2018, the evidentiary hearing was held on February 11, 2020, and the final order was entered on July 19, 2021. Resp't's Ex. 3, at 1-2. All of these dates are within four years of April 6, 2022.

      The Court cannot find a Georgia case with facts analogous to those presented here. The Georgia Supreme Court has stated, however, that "in construing a Georgia statute that closely tracks federal statutory law, we may look to federal court decisions and commentary interpreting the federal statute as persuasive authority." *Abrams v. Laughlin*, 304 Ga. 34, 36 (2018). In *Abrams*, the Georgia Supreme Court explicitly noted that O.C.G.A. § 9-14-42(c)(4) closely tracks the language found in 28 U.S.C. § 2244(d)(1)(D).

---

[4] Because these claims obviously could not have been raised in Jones's first petition, the second state petition—to the extent it relies solely on these claims—is not successive under O.C.G.A. § 9-14-51. Even if it was, however, that would not prevent it from tolling the AEDPA limitation period. *See Forney v. Warden*, No. 19-10913, 2022 WL 909171, at *2 (11th Cir. Mar. 29, 2022) (per curiam) (citing *Drew v. Dep't. of Corr.*, 297 F.3d 1278, 1284 (11th Cir.2002) ("A successive petition can . . . toll the statute of limitations")).

*Id.* at 37, 39. Under that provision, the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

District courts faced with analogous factual scenarios involving ineffective assistance of appellate or habeas counsel have generally identified either the date of the relevant order or—in the appellate counsel context—the date of the filing of the initial brief as the trigger date for § 2244(d)(1)(D). *See Howard v. Boyer*, No. 5:18-cv-41-MTT, 2019 WL 943397, at *3 (M.D. Ga. Feb. 26, 2019) (concluding that § 2244(d)(1)(D) could apply to ineffective assistance of appellate counsel claims and that, because such claims required a showing of both deficient performance and prejudice, the petitioner would not have reasonably discovered the factual predicate of those claims until he received notice of the appellate court decision); *Marshall v. Hall*, No. 4:22-cv-220, 2022 WL 14034816, at *1 (S.D. Ga. Oct. 24, 2022) (finding under § 2244(d)(1)(D), the facts related to petitioner's claim for ineffective assistance of appellate counsel "were fixed no later than the date that the Georgia Supreme Court affirmed his conviction"); *Montgomery v. Alabama*, No. 2:14-cv-02474-CLS-SGC, 2019 WL 2169213, at *11 (N.D. Ala. Apr. 12, 2019) (finding factual predicate for claim of ineffective assistance of appellate counsel could not be known in the exercise of reasonable diligence until the petitioner received notice of the affirmance of his conviction by the appellate court), *recommendation adopted by* 2019 WL 2161500 (N.D. Ala. May 17, 2019); *Wadsworth v. Schriro*, No. CIV 06–1652–PHX–ROS (GEE), 2006 WL 3807642, at *2 (D. Ariz. Dec. 27, 2006) (assuming the trigger date under § 2244(d)(1)(D) for claim of ineffective assistance of habeas counsel was the date the habeas

9

petition was denied but finding petition still untimely), *recommendation adopted by* 2007 WL 25479 (D. Ariz. Jan. 3, 2007); *Hunnicutt v. Sec'y, Dep't of Corr.*, No. 8:14–cv–3216–T–27AAS, 2018 WL 1225115, at *2 n.3, 15 (M.D. Fla. Mar. 7, 2018) (finding claim of ineffective assistance of state collateral appellate counsel timely under § 2244(d)(1)(D)—though not cognizable—based on when collateral appellate counsel filed the initial brief). Applying the rationale of these cases, the Court concludes Jones's second state habeas petition was timely, and his AEDPA limitation period has remained tolled since April 6, 2022.[5] Therefore, Respondent is not entitled to dismissal based on untimeliness.

## II. Exhaustion

The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by AEDPA, "limits the power of a federal court to grant a writ of habeas corpus vacating the conviction of a state prisoner on the ground that the conviction was obtained in violation of the Constitution of the United States." *Hardy v. Comm'r, Ala. Dep't of Corr.*, 684 F.3d 1066, 1074 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b)-(c) and *Cullen v. Pinholster*, 563 U.S.

---

[5] Jones filed four motions in the state courts that he also contends tolled the AEDPA limitation period. These were a *pro se* motion to reconsider denial of his habeas petition filed in Dooly County Superior Court on March 31, 2022, and three *pro se* motions filed in the trial court in October 2021. Pet'r's Resp. to Mot. to Dismiss 5-7. The latter three motions were a motion for out-of-time appeal, motion to sanction the state for breach of contract, and motion for discharge and acquittal under O.C.G.A. § 17-7-171 for violation of his right to a speedy trial. *Id.* at 6. The state habeas motion was denied on April 5, 2022, and the three trial court motions were denied on May 27, 2022. Resp't's Ex. 7, at 1, ECF No. 14-7; Resp't's Ex. 9, at 1, ECF No. 22-1. Because these motions have been denied and the Court concludes Jones's AEDPA limitation period continues to be tolled by the second state habeas petition, the Court need not decide whether these motions also tolled the limitation period. These motions are only relevant as to whether Jones has 20 days remaining on his limitation period or some longer period, up to 32 days. If the Court's recommendation is accepted and Jones's petition dismissed without prejudice, the Court suggests he re-file his federal petition within 20 days of the judgment on his second state habeas petition becoming final to avoid dismissal for untimeliness.

170, 181 (2011)).  One of those limitations is that a district court "may not grant such applications unless . . . the applicant has exhausted state remedies."  *Cullen*, 563 U.S. at 181.  A state prisoner is required—with few exceptions—to "exhaust[] his state remedies by presenting his constitutional claim to the State courts, to afford them an opportunity to correct any error that may have occurred."  *Hardy*, 684 F.3d at 1074.

"A failure to exhaust occurs . . . when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam)).  The exhaustion requirement thus reflects a policy of "comity" between state and federal courts and "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (internal quotation marks omitted).  "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion."  *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam).

Prior to addressing whether Jones has failed to exhaust, the Court must decide if Respondent has waived the issue.  "The exhaustion requirement is not jurisdictional and may be waived by the state."  *Samuel v. Fla. Dep't of Corr.*, No. 20-12002, 2022 WL 3104925, at *1 (11th Cir. Aug. 4, 2022) (per curiam) (citing 28 U.S.C. § 2254(b)(2) and *Thompson v. Wainwright*, 714 F.2d 1495, 1502 (11th Cir. 1983)).  "However, '[the] State

11

shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement." *Id.* (quoting 28 U.S.C. § 2254(b)(3) and citing *McNair v. Campbell*, 416 F.3d 1291, 1306 (11th Cir. 2005)).

Here, Respondent did not raise exhaustion in her initial motion to dismiss. It was not until the Court ordered supplemental briefing that Respondent argued exhaustion. Order 2, Sept. 7, 2022; Resp't's Reply Br. 15-18. Further, Respondent's answer is as clear as mud. She states she

> does not contest exhaustion in this case, as Petitioner raised the claims in grounds 1, 2, 3, and 5 in his state habeas corpus petition, and those claims were denied by the state habeas court; and the double jeopardy claim in ground 4 is new but defaulted under Georgia's successive petition statute.

Resp't's Answer 4, ECF No. 12. Respondent then qualifies this response by adding

> Respondent reserves the right to contest exhaustion if Petitioner raises additional claims or tries to amend the petition to raise new grounds, as Respondent does not waive exhaustion in this case.

*Id.* The Eleventh Circuit has found such language sufficient to constitute waiver. *See King v. Chase*, 384 F. App'x 972, 973 (11th Cir. 2010) (per curiam).

Nevertheless, it is not clear the state has waived exhaustion in this case. Respondent's answer specifically references grounds 1-5 in the federal petition, but Jones actually raises seven. Pet. 22-27; Am. Pet. 3, ECF No. 10. Grounds 6 and 7 are the only ones asserting ineffective assistance of habeas counsel claims, which is the basis for Jones's pending second state habeas petition. *Id.*; Resp't's Ex. 10, at 5-6. Respondent does not explicitly reference these in her explanation for not contesting exhaustion. Further, after being directed by the Court to respond to Jones's argument that the filing of the second

12

state petition tolled the AEDPA limitation period and to provide supplemental briefing regarding exhaustion, Respondent argued lack of exhaustion. Order 1-2, Sept. 7, 2022; Resp't's Reply 15-18. Hence, as opposed to express waiver, the state's initial failure to argue exhaustion in connection with the second state petition appears to be an oversight.

Furthermore, a district court has the discretion to accept or reject a state's waiver. *Thompson*, 714 F.2d at 1508. And a district court may do so where "requiring the petitioner to return to state court to exhaust his claims serves an important federal interest." *Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995). Even assuming Respondent waived exhaustion, the Court rejects it. Of special significance to the Court is the fact that Jones's unexhausted claims are actually pending before a state court in his second habeas petition. Thus, this is not a situation where a state court's consideration of unexhausted claims is merely hypothetical or possible. Presumably, the state court will at some point issue a decision on the matter. "Review of the instant federal habeas petition on the merits at this time that would create parallel state and federal proceedings, thereby offending the notion of comity that underlies the exhaustion requirement." *Sholl v. Ammons*, No. 1:07-cr-1017-WSD-SSC, 2007 WL 4373579, at *3 (N.D. Ga. Dec. 12, 2007) (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). An additional consideration is that Jones himself initially raised exhaustion in his original petition and his motion to stay. Pet. 6; Mot. to Stay 4, ECF No. 2. He specifically referred to his federal habeas application as a "mixed and 'placeholder petition.'"[6] Mot. to Stay 3. Therefore, the Court will consider dismissal

---

[6] Jones filed a motion for the Court to take judicial notice of his filings in the Northern District prior to the case being transferred, especially his motion to stay. Pet'r's Motion for Jud. Notice,

of Jones's petition for lack of exhaustion.

Next, the Court must consider whether Jones's petition contains unexhausted claims. On this issue, Jones has taken contradictory positions. In grounds 1 through 5 of Jones's petition, he raises claims that appear to have all been adjudicated by the state courts.[7] Pet. 22-25; Resp't's Ex. 3, at 2-3. In grounds 6 and 7, he raises claims of ineffective assistance of habeas counsel, which are also raised in his pending second state habeas petition. Pet. 26-27; Am. Pet. 3; Resp't's Ex. 10, at 5-6. Because the second state habeas petition remains pending, the latter two grounds of Jones's federal petition would seem undisputedly unexhausted. In fact, Jones states in his federal petition that he filed the second state habeas petition in order to "present/exhaust ALL claims." Pet. 6. Further, in his motion to stay, he explicitly stated his federal petition is a "mixed" petition, which is one containing both exhausted and unexhausted claims. Mot. to Stay 3; *Lundy*, 455 U.S. at 510. Nevertheless, in his "traverse" to the Respondent's answer and in his surreply brief, he claims "upon researching the [United States] Supreme Court's rulings . . . ALL of his claims/grounds listed in the current 28 U.S.C. § 2254 petition HAVE BEEN EXHAUSTED in state court proceedings!" Pet'r's Surreply 15, ECF No. 24 (citing Pet'r's Traverse 11-12, ECF No. 16). He contends that "all the 'factual basis'" of his seven grounds have been presented to the state courts. *Id.* He further argues his "individual claims/grounds are

---

ECF No. 9. The Court has considered all of the documents filed in the Northern District, and so, this motion is **DENIED AS MOOT**.

[7] In her answer, Respondent claims ground number 4 is "new but defaulted under Georgia's successive petition statute." Resp't's Answer 4. The Court need not address this argument at present.

14

intertwined with each other . . . and the administration of justice would be better served by reaching the merits of the petition forthwith." Pet'r's Traverse 12 (quotation marks omitted).

Jones's argument for exhaustion is convoluted, and while the Court should construe *pro se* pleadings liberally, it cannot ignore the plain language of his federal and second state habeas petitions. He explicitly raises claims of ineffective assistance of habeas counsel. As discussed previously, these claims appear meritless, but they are the claims he raises, and there is no state court order finally exhausting them.[8] Therefore, the Court concludes Jones's petition is a mixed petition containing exhausted and unexhausted claims.

"Ordinarily, a mixed petition . . . should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims." *Isaac v. August SMP Warden*, 470 F. App'x 816, 818-19 (11th Cir. 2012) (per curiam) (quotation marks omitted) (citing *Lundy*, 455 U.S. at 519-20). However, "[i]n the event that such a dismissal would result in any subsequent petition being time-barred . . . the district court may employ a 'stay-and-abeyance' procedure, whereby the court would stay the timely

---

[8] Further, if Jones is correct, and all of the claims raised in his federal petition have been exhausted, he does not explain the purpose of his second state habeas petition, which he has not dismissed. Either that petition contains exhausted claims that he seeks to re-litigate in the state courts, or it contains entirely new claims. If it is the first scenario, then apparently he wants to un-exhaust his exhausted claims. If it is the second scenario, then he will undoubtedly seek federal court review in the event he is unsuccessful at the state level, though he will have to work around 28 U.S.C. § 2244(b).

filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims." *Id.* at 819 (quoting *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). "This procedure should be available only in limited circumstances, but is appropriate where (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* (citing *Rhines*, 544 U.S. at 277–78). If a district court determines a stay is not appropriate, it "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

Jones argues—in the event the Court rejects his argument that his claims are all exhausted—that a stay is warranted in this case as set forth in his motion to stay. Pet'r's Surreply 15. The Court disagrees that a stay is appropriate. For one, even if the Court accepts as true his allegation that habeas counsel was ineffective, that does not—as explained above—state a claim for federal habeas relief. Therefore, Jones fails to satisfy the "potentially meritorious" prong of the *Rhines* analysis. More importantly, the concerns underlying the *Rhines* stay and abeyance procedure are not applicable here. The Court has concluded that Jones's AEDPA limitation period remains tolled, and therefore, a subsequent federal habeas petition would not be time-barred. *See Gow v. Gramiak*, No. CV 116-054, 2017 WL 360923, at * 3 (S.D. Ga. Jan. 5, 2017) ("[B]ecause Petitioner's pending state habeas corpus petition tolls the federal limitations period, there is no need to stay the instant federal action."), *recommendation adopted by* 2017 WL 354856 (M.D. Ga.

Jan. 24, 2017). By the Court's calculation, Jones will have 20 days from the conclusion of the second state habeas proceedings to re-file a federal habeas petition. This is only 12 days less than he had when the Georgia Supreme Court issued its remittitur on his original state habeas petition. And his new federal petition will be deemed filed on the day he hands it to prison authorities for mailing. *See Glover*, 686 F.3d at 1205. In summary, this is not a situation akin to the hypothetical discussed in *Rhines* where dismissal too close to the deadline would effectively bar federal review. *See Rhines*, 544 U.S. at 275. For similar reasons, the Court should not allow Jones to dismiss his unexhausted claims and proceed on the exhausted ones. Because his AEDPA limitation period remains tolled, dismissal of the entire petition would not unreasonably impair his right to obtain federal relief.[9]

Finally, an additional reason for dismissal without prejudice—as opposed to a stay—is that while Jones's second state habeas petition only alleges claims of ineffective assistance of habeas counsel, he apparently seeks to use that petition as a vehicle to re-litigate grounds raised in his first state petition and to raise new claims otherwise barred as successive under O.C.G.A. § 9-14-51. *See* Resp't's Ex. 10, at 5-6 (arguing habeas counsel was in ineffective by failing to present "controlling evidence" regarding grounds raised in first state habeas petition); Mot. to Stay 6 (arguing "there is a reasonable argument that Georgia state courts would find that petitioner's unexhausted [ineffective assistance of counsel] claims are not barred under O.C.G.A. [§] 9-14-51"). Thus, it appears Jones wishes

---

[9] In fact, were Jones to proceed only on his exhausted claims, any subsequent federal petition to address his presently unexhausted claims could be subject to the second or successive petition provision of 28 U.S.C. § 2244(b)(2). *See Burton v. Stewart*, 549 U.S. 147, 154 (2007).

to have his cake and eat it too. He wants to pursue his federal petition while continuing a parallel fight in the state courts raising the same or similar factual assertions and arguments. The Court should instead allow Jones to wind-up whatever endeavors he wishes to pursue in his second state habeas petition and then return to federal court at the appropriate time. *See Lundy*, 455 U.S. at 520 ("To the extent that the exhaustion requirement reduces piecemeal litigation, both the courts and the prisoners should benefit, for as a result the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review.").

## CONCLUSION

For the reasons stated above, it is recommended that Respondent's motion to dismiss (ECF No. 13) be **GRANTED** and Jones's application and amended application for habeas relief (ECF Nos. 1, 10) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. The Court further recommends that his motion to stay (ECF No. 2) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 14th day of November, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE